## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MITZI DAILEY, | * | |
| Appellant, | * | |
| v. | * | Civil Case No.: SAG-26-01000 |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, *et al.*, | * | |
| Appellee. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

This appeal seeks review of a Consent Order issued by the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court") in *In re Mitzi Dailey*, 25-19108-DER ("the Bankruptcy Case"). Debtor Mitzi Dailey ("Debtor" or "Appellant"), who is self-represented, appeals the consent order issued by United States Bankruptcy Judge David E. Rice ("Judge Rice") following a hearing on February 9, 2026 ("Consent Order"), ECF 54 in the Bankruptcy Case. This Court has reviewed Appellant's brief, ECF 8, and the brief filed by Appellees NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") and Brian A. Tucci, Trustee (collectively, "Appellees"), ECF 10. No reply has been filed, and the time for filing it has now expired (even accounting for time for mailing). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Bankruptcy Court's Consent Order is AFFIRMED.

### I.      Factual Background

This Court takes judicial notice that Appellant has filed eight bankruptcy cases since 2001. *See* ECF 10 at 6 n.2 (listing cases); *Anderson v. Fed. Deposit Ins. Corp.,* 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (noting that a district court may "properly take judicial notice of its own records.").

The instant case was filed on September 30, 2025, with a Chapter 13 plan filed on October 14, 2025. Bankruptcy Case ECF 1, 19.

At the time of the Bankruptcy Case's filing, a foreclosure action had been instituted in the Circuit Court for Baltimore City ("Foreclosure Action"), seeking to foreclose on real property owned by Appellant at 3638 Raymonn Avenue, Baltimore, Maryland ("the Property"). *See James Clarke v. Mitzi E. Dailey,* No. C-24-CV-24-003409, Apx. 062 (filed May 31, 2022). Appellant had defaulted on the mortgage loan, the promissory note, and the deed of trust for the Property. NewRez is the secured party and beneficiary of the deed of trust.

Because of Appellant's bankruptcy filing, the Foreclosure Action was stayed before a foreclosure sale could be scheduled. On November 13, 2025, NewRez filed a Motion for Relief from Stay in the Bankruptcy Case. Bankruptcy Case ECF 34. The motion included a request for in rem relief for cause and lack of adequate protection and asked the Bankruptcy Court to lift the stay so that it could proceed with the state court Foreclosure Action against the Property. *Id.* It contended that Appellant was misusing the bankruptcy system to delay foreclosure. *Id.* ¶ 5. Appellant contested the motion, arguing that NewRez was not honoring a loan modification agreement and that she was not abusing the bankruptcy system with her repeated filings. ECF 37.

Judge Rice held an evidentiary hearing on December 15, 2025. Bankruptcy Court ECF 34. According to NewRez's counsel during a subsequent hearing, at the December hearing, "the parties had a consent order that we put on the record, but the Debtor didn't sign the consent order that was circulated. She filed an opposition, an amended opposition subsequently to that, to the motion." ECF 5 at 4:16–19.  The Bankruptcy Court then reset the evidentiary hearing for February 9, 2026.

At that rescheduled hearing, before evidence could be presented, counsel for NewRez informed the Bankruptcy Court that the parties had again reached an agreed disposition. *Id.* at 4:20–24. The transcript reflects that NewRez's counsel detailed the agreed terms as follows:

> And what the parties would consent to is modifying the stay whereby the Debtor would cure the post-petition arrearage, which through February of this year is $5,396.50. And that would be cured over the next six months commencing with March. So one-sixth of the arrearage over the next six months commencing with March 15th payment. The Debtor would resume making regularly monthly mortgage payments March 1st and continuing thereafter.
>
> Standard cure provisions meaning if there's a default of one of those payments, the Debtor would get – we would file a notice of default. The Debtor would have 15 days to oppose that notice. And while there's been an opposition to notice of default filed, the stay would be in place pending resolution
>
> If there's no opposition to the default, within 15 days we would file a declaration of default, Your Honor. And the stay would be lifted and in rem relief would be granted.

ECF 5 at 5:3–20. Appellant then confirmed "Your Honor, those are the terms that I've agreed to." *Id.* at 6:4–5. Judge Rice again asked for the terms to be written and executed by the parties for filing with the Court, and the proceeding concluded without presentation of evidence. *Id.* But again, once the consent order was drafted, Appellant refused to sign it. In fact, she filed a line asking the Court to set the matter for another hearing. Bankruptcy Court ECF 52. Instead, on February 19, 2026, the Bankruptcy Court entered the following order:

> Consent Order Modifying the Automatic Stay and granting IN Rem Relief. SO ORDERED. AS AMENDED. Any notice of default shall require cure of said default within fifteen (15) days after the mailing of said notice, as per the terms stated on the record at the hearing held on February 9, 2026. All other terms were agreed to on the record by the Debtor.

Bankruptcy Case ECF 54.

This appeal followed on March 4, 2026.

3

## II.      Legal Standard

This court has jurisdiction to hear appeals from final orders of the bankruptcy court, and acts as an appellate court in such circumstances. 28 U.S.C. § 158; *see also In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992). A bankruptcy court's decision on a stay relief motion constitutes such a "final order." *See Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 47 (2020).

The standard of review of a bankruptcy case in district court generally mirrors that of an appellate court reviewing a district court ruling. *See* 18 U.S.C. § 158(c)(2) (stating that a bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts"). This Court therefore reviews the bankruptcy court's findings of fact for clear error. *See In re Taneja*, 743 F. 3d 423, 429 (4th Cir. 2014). Clear error is established where the record demonstrates to the reviewing court that a "mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). And it reviews the decision to lift an automatic stay for abuse of discretion. *See In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) ("A decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion."), *as amended* (May 27, 1992). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008). An abuse of discretion occurs where a court "(1) acts 'arbitrarily, as if neither by rule nor discretion,' (2) fails to 'adequately . . . take into account judicially recognized factors constraining its exercise' of discretion, or (3) rests its decision on 'erroneous factual or legal

premises.'" *United States v. Alvarado*, 840 F.3d 184, 189 (4th Cir. 2016) (quoting *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)).

This Court has liberally construed Appellant's filings, because she appears in this matter *pro se. See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Court notes, however, that Appellant once held a law license. *See Attorney Grievance Commission v. Mitzi Elaine Dailey,* AG No. 6, September Term, 2020 (Getty, J.) (finding violations of multiple rules of professional conduct and Maryland Rules).

### III.    Analysis

Appellant argues that the "Consent Order should not have been granted without the consent of the Appellant, as evidenced by her signature."[1] ECF 8 at 9. But a contract need not be in writing, and the Bankruptcy Court personally witnessed the parties' meeting of the minds when Appellant agreed, on the record, to the terms reviewed by NewRez's counsel and later incorporated by reference in the Consent Order. ECF 5. There can be no question, based on the transcript of the February 9, 2026 hearing, that Appellant consented to the terms announced in open court.

There is also no question that the Bankruptcy Court's ordered terms are the same as those to which the parties agreed on the record at the hearing. In fact, rather than restating the terms, it simply makes reference to "the terms stated on the record at the hearing held on February 9, 2026." Bankruptcy Case ECF 54. The Consent Order specified that the notice of default should require cure "within fifteen (15) days after the mailing of said notice," whereas, in court, NewRez's

---

[1] Plaintiff also contends that because the automatic stay had already been imposed in the Bankruptcy Case, despite Appellees' contention that her bankruptcy filing was in bad faith, Appellees' motion to lift the stay and for in rem relief should have been barred by "the doctrine of collateral estoppel and/or issue preclusion." ECF 8 at 9. Her argument contravenes the plain language of 11 U.S.C § 362(d) which expressly contemplates the Bankruptcy Court "terminating, annulling, modifying or conditioning" a stay "[o]n request of a party in interest and after notice and a hearing."

counsel simply stated that the Debtor would have "15 days to oppose that notice." But that minor clarification does not alter the terms to which Appellant consented. This Court therefore finds no clear error or abuse of discretion in the Bankruptcy Court's determination that Appellant had consented to the terms of the Consent Order it entered.

The remaining question is whether the Bankruptcy Court abused its discretion in granting *in rem* relief. Section 362(d) authorizes a bankruptcy court to lift an automatic stay "for cause." 11 U.S.C. § 362(d). In this case, cause can be found in the parties' binding agreement, in court on February 9, 2026, that the stay should be lifted should Appellant (1) default by failing to make the required payments and (2) fail to cure her default after notice. And the Bankruptcy Court's decision to enter the Consent Order without obtaining an executed version is not an abuse of discretion, given what appears to have been gamesmanship on the part of Appellant to twice agree to terms on the record to forestall imminent evidentiary hearings. A court cannot be expected to engage in an endless cycle of scheduling hearings, only to have a litigant purport to resolve the matter and force postponement of the evidentiary hearing to a new date. 11 U.S.C. § 105(a) expressly permits bankruptcy judges to exercise equitable authority to "prevent an abuse of process."

In sum, the Bankruptcy Court's entry of the Consent Order following the parties' in-court expression of consent was not arbitrary, did not violate any constraints on its lawful exercise of discretion, and did not rest on any erroneous factual or legal premise. The Consent Order is therefore affirmed.

## IV.    Conclusion

For the reasons explained above, this Court will deny the appeal and affirm the Bankruptcy

Court's Consent Order. A separate Order follows.


Dated: July 6, 2026                                              /s/

Stephanie A. Gallagher
United States District Judge